UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DAVID NELOMS,

    Plaintiff,

    v.

MT TRANSPORTATION AND
LOGISTICS SERVICES, INC.,

    Defendant.

Civil Action No. 7:09-cv-151 (HL)

## ORDER

This case is before the Court on Defendant's Amended Notice of Removal (Doc. 4). For the reasons set forth below, the Court remands the case to the Superior Court of Lowndes County.

**A. Background**

On December 17, 2009, Defendant MT Transportation and Logistics Services, Inc. ("MT Transportation") removed this case from the Superior Court of Lowndes County, Georgia, to this Court. The Notice of Removal asserted federal subject matter jurisdiction based on diversity. After carefully reviewing MT Transportation's Notice of Removal and the accompanying documents, this Court found that MT Transportation did not satisfy its burden of showing by a preponderance of the evidence that the amount in controversy exceeded

$75,000. This Court then issued an order requesting that MT Transportation amend the Notice of Removal to cure the jurisdictional defect. (Doc. 3.)

On December 31, 2009, MT Transportation filed an Amended Notice of Removal (Doc. 4). In the Amended Notice of Removal, MT Transportation asserted that Plaintiff David Neloms stated a claim in excess of $75,000 because Mr. Neloms suffered $35,472.54 in medical expenses and lost wages and was expected to incur additional expenses as a result of undergoing a second surgery in the future.

**B. Establishing Federal Jurisdiction on Removal**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a case originally filed in state court if the defendant can show federal subject matter jurisdiction. For removal to be proper, the removing party must establish federal subject matter jurisdiction at the time the notice of removal is filed. Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002). In reviewing notices of removal, removal statutes should be strictly construed, and in the face of a conflict between the parties, all uncertainties should be resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Federal subject matter jurisdiction includes diversity jurisdiction, which is established through the fulfillment of two statutory requirements: 1) complete diversity between the parties, and 2) an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a)(1). As explained in the Court's previous order (Doc.

2

3), complete diversity between the parties is satisfied. Mr. Neloms is a citizen and resident of the State of Georgia and MT Transportation is a North Carolina corporation with its principal place of business in New York. Thus, the only jurisdictional question remaining unanswered is the amount in controversy.

**C. Diversity Jurisdiction and the Amount in Controversy Requirement**

In this case, the Court inquires sua sponte into the sufficiency of the amount in controversy, taking the necessary steps to ensure the present claim fits within the Court's limited jurisdictional framework. A court is obligated to "assure itself that the case involves the requisite amount in controversy." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

In a removal action, the removing party bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Williams v. Best Buy, Co. Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). A conclusory allegation will be insufficient to satisfy the statutory burden of establishing the amount in controversy. Id. at 1319-20. Further, a party's "mere speculation" that the jurisdictional requirement is met will not satisfy the burden of proving that the claim more likely than not exceeded $75,000. Bradley v. Kelly Servs., Inc., 224 F. App'x 893, 895 (11th Cir. March 19, 2007) (citing Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003)).

Judicial review of a removal action varies according to when the removal action is filed. If the plaintiff moves to remand the case within § 1447(c)'s thirty-

3

day time limit, the court's review of the propriety of removal is limited to the removal documents. Bankhead v. American Suzuki Motor Corp., 529 F. Supp. 2d 1329, 1334 (M.D. Ala. 2008) (citing Lowery v. Alabama Power Co., 483 F.3d 1184, 1214 n. 64 (11th Cir. 2007)). However, if the thirty-day window has passed, then the court "may look to any relevant information the parties may present." Id. After this thirty-day window has passed, if the court finds the amount in controversy is not facially apparent from the complaint, the court should look to the removal documents and other supporting evidence to discern the contested amount at the time of removal. Best Buy, 269 F.3d at 1319-20. Here, the case is past the thirty-day limit, and therefore the Court is allowed to review evidence beyond the limited realm of the removal documents.

Here, in the Amended Notice of Removal, MT Transportation has not adequately established the amount in controversy so as to prove the existence of proper federal diversity jurisdiction. Instead, MT Transportation has relied on speculative and inferential evidence to reach the $75,000 limit. According to the Court's calculations, as of December 4, 2009, Mr. Neloms suffered a total of $35,472.54 in medical expenses and lost wages.[1] This figure includes $6,895.00

---

[1] Based on the numbers provided in MT Transportation's Amended Notice of Removal, the Court is opting to use $35,472.54 as the total amount of damages as of December 4, 2009, as opposed to the suggested figure of $39,527.47 (Doc. 4, p. 4).

4

in past medical expenses (Doc. 4, p. 2), $1,775 in additional past medical expenses (Doc. 4, p. 3), and $26,802.54 in lost wages (Doc. 4, p. 4).[2]

MT Transportation asserts that Mr. Neloms will undergo future surgery and will not work for twelve weeks. Using the proposed figure for lost wages alleged in MT Transportation's Notice of Removal, $525.54 per week, Mr. Neloms would suffer $6,306.48 if he took the proposed twelve-week recovery period after surgery. These additional expenses would bring the total for the amount in controversy to $41,779.02.

That being said, in order to meet the amount in controversy requirement, MT Transportation bore the burden of showing that Mr. Neloms' proposed surgery would total at least $33,220.98; MT Transportation failed to meet this burden. MT Transportation alleges that "based on experience with similar cases," the expected the cost of surgery and rehabilitation would total approximately $75,000. (Doc. 4, p. 3.) However, the only support given to this allegation is the affidavit of Kimberly M. DeWitt, attorney for the Defendant. (Doc. 4-5, Ex. D, p. 2.) The affidavit mentions a telephone call to a neurosurgical practice about the

---

[2] The Court excludes from the total amount of damages the $15,000 in lost wages that Mr. Neloms alleged in the original complaint (Doc. 4-2, p. 7). The removal papers show that Mr. Neloms actually missed fifty-one weeks of work, and thus the Court has used the actual, not speculative, amount of time away to calculate the amount in controversy. Fifty-one weeks multiplied by Mr. Neloms' estimated weekly pay, $525.54, equals the total amount used for lost wages as of December 4, 2009 - $26,802.54.

5

expected costs of Mr. Neloms' proposed surgery - an anterior cervical diskectomy at C4-5 with intervertebral arthodesis and screw-plate fixation - but the phone call did not provide a cost estimate. Additionally, even if the phone call did result in an estimate, an affidavit from Defendant's attorney attesting to the cost is an unpersuasive manner in which to present this information to the Court.

In the Amended Notice of Removal, MT Transportation requests an evidentiary hearing so the Court may make findings of fact about the amount in controversy. To support this request, MT Transportation cites Best Buy, 269 F.3d at 1320. However, the present case is easily distinguishable. In that case, both parties shared responsibility for the lack of a developed record that led to the defendant's failure to adequately prove the amount in controversy. Best Buy, 269 F.3d at 1320-21. There, the court remanded the case for an evidentiary hearing out of notions of fairness. Id. at 1320. Contrarily, MT Transportation has already been given a second chance to properly assert the amount in controversy. The Court has already allowed MT Transportation additional time to amend its Notice of Removal so as to cure the jurisdictional defects. An evidentiary hearing on this issue would be futile since MT Transportation has already had the opportunity to present additional evidence in an Amended Notice of Removal, and has been unable to present evidence sufficient to allege the amount in controversy beyond a preponderance of the evidence.

**C. Conclusion**

In this case, Defendant MT Transportation is unable to bear the burden of establishing by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional requirement. Thus, this Court remands this case to the Superior Court of Lowndes County for all further proceedings. Further, Defendant's Motion to Stay All Proceedings (Doc. 7) is denied as moot.

**SO ORDERED**, this the 9th day of March, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**